1  Kevin D. Rising ( SBN 211663)
   kevin.rising@btlaw.com
2  Kristen L. Richer (SBN 315883)
   kristen.richer@btlaw.com
3  **BARNES & THORNBURG LLP**
   2029 Century Park East, Suite 300
4  Los Angeles, California  90067
   Telephone:    (310) 284-3880
5  Facsimile:    (310) 284-3894

6  Attorneys for Defendant
   DUDE PRODUCTS, INC.

7

8

9

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12

13  ROBERT LAWTON and CRISTINA          Case No.
    HALL, individuals, on behalf of
14  themselves, the general public and those   **NOTICE OF REMOVAL OF ACTION TO**
    similarly situated,                 **FEDERAL COURT**
15
                    Plaintiff,          [Diversity Jurisdiction, 28 U.S.C. §§ 1332(d)(2),
16                                       1441, 1446, 1453]

17  v.                                  [Declarations of Kristen L. Richer and Sean Riley
                                        and Certificate of Interested Entities or Persons
18  DUDE PRODUCTS, INC.; AND DOES 1     filed concurrently herewith]
    THROUGH 50,
19                                       *(Removed from the Superior Court of California,*
                    Defendants.          *County of San Francisco, Case No. CGC-18-*
20                                        *566005)*

21                                       Complaint Filed:    April 23, 2018

22

23

24

25

26

27

28

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

                                        NOTICE OF REMOVAL

1  TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF

2  RECORD:

3  PLEASE TAKE NOTICE THAT Defendant Dude Products, Inc. ("Dude Products")

4  hereby removes this action from the Superior Court of the State of California, County of San

5  Francisco, to the United States District Court for the Northern District of California, and in

6  support thereof, states as follows:

7  **STATEMENT OF THE CASE**

8  1.    Plaintiffs Robert Lawton and Cristina Hall ("Plaintiffs") allege that they purchased

9  products sold by Defendant Dude Products, Inc. (hereafter the "Product"), the packaging and

10  marketing of which Plaintiffs allege to be untrue. (Compl. ¶¶ 20, 94-96.)  Based on these

11  allegations, Plaintiffs bring seven claims against Dude Products for:  (1) fraudulent

12  misrepresentation; (2) negligent misrepresentation; (3) unjust enrichment; (4) violation of the

13  California Consumers Legal Remedies Act, Cal. Civ. Coed § 1750, *et seq.* ("CLRA"); (5)

14  violation of Business and Professions Code § 17500, *et seq.* ("FAL"); (6) violation of Cal. Bus. &

15  Prof. Code § 17580*, et seq.*; (7) and violation of Business and Professions Code § 17200*, et seq.*.

16  2.    Plaintiffs seek to certify a class of all persons who purchased the Product between

17  April 20, 2014 and the present, and a subclass of all California consumers from that same time

18  period.  (Compl. ¶ 97.)

19  3.    The Complaint was filed on April 23, 2018, and was served upon Dude

20  Products on July 2, 2018.  The Complaint is removable under the Class Action Fairness Act of

21  2005 ("CAFA"), 28 U.S.C. §1332(d)(2) and 1453(b).  Dude Products has satisfied all procedural

22  requirements of 28 U.S.C. §1446 and thereby removes this action to the United States

23  District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1332, 1441, 1446,

24  and 1453.

25  **THE REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED**

26  4.    CAFA fundamentally changed legal standards governing removal jurisdiction.

27  Believing that state courts were not adequately protecting defendants against class action abuses,

28  Congress explicitly stated that CAFA's provisions "should be read broadly, with a strong

1   preference that interstate actions should be heard in federal court." S. Rep. No. 109-14, at 42

2   (2005).  Congress instructs district courts to "err in favor of exercising jurisdiction." *Id.* at 42.

3   As shown below, the requirements for diversity jurisdiction under CAFA, 28 U.S.C. §

4   1332(d)(2), are satisfied.

5         5.     ***Class Action.***  This lawsuit is a class action as defined by 28 U.S.C. §

6   1332(d)(1)(B).  CAFA defines a "class action" as "any civil action filed under Rule 23 of the

7   Federal Rules of Civil Procedure or similar state statute or rule of judicial procedure authorizing

8   an action to be brought by 1 or more representative persons as a class action." *Id.*  Plaintiffs style

9   their complaint as a "class action."  (Compl. ¶ 97.)  Plaintiffs further allege that they bring their

10  claims on behalf of all similarly situated individuals.  (*Id.*)

11        6.     ***Diversity of Citizenship.***  At the time the Complaint was filed, and as of the date of

12  this Notice, Dude Products is a Delaware Corporation with its principal place of business in

13  Chicago, Illinois.  (Compl. ¶ 7; Declaration of Sean Riley, ¶ 2 (hereafter, "Riley Decl.").

14  Plaintiffs are California residents and seek certification of a class of all persons to have purchased

15  the Product in the relevant time period, including a subclass of California consumers.  (Compl.

16  ¶ 97.)  Because at least one member of the putative class is from California, and Dude Products is

17  not, the diversity requirement of 28 U.S.C. § 1332(d)(2) is satisfied.

18        7.     ***Amount in Controversy.***  Dude Products denies that Plaintiffs or the putative class

19  are entitled to damages of any kind, and reserves all rights to contest the method by which

20  Plaintiffs intend to calculate damages.  However, the matter alleged to be in dispute in this

21  litigation exceeds the amount in controversy threshold set forth in 28 U.S.C. § 1332(d)(2),

22  exclusive of interest and costs.  The Complaint seeks relief that includes:  (a) compensatory

23  damages according to proof; (b) punitive damages; (c) restitution; (d) declaratory relief; and (e)

24  injunctive relief.  (See Compl. at 43-47.)  Aggregation of these requested forms of relief brings

25  this matter within the purview of CAFA.

26        Under CAFA, the amount in controversy is determined by aggregating the claims of all

27  individual class members.  28 U.S.C. § 1332(d)(6).  A court must "assume that the allegations in

28  the complaint are true and assume that the jury will return a verdict for the plaintiff on all claims

1   in the complaint." *Jasso v. Money Mart Exp., Inc.*, No. 11-cv-5500, 2012 WL 699465, *2 (N.D.

2   Cal. Mar. 1, 2012) (citing *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp.

3   2d 993, 1001 (C.D. Cal. 2002)); *see also Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659,

4   664 (9th Cir. 2005) ("The question is whether the amount of damages [the plaintiff] claimed in its

5   complaint was asserted in good faith; if so, that amount controls for purposes" of the analysis).

6   Thus, it is irrelevant to assessing the amount in controversy that Dude Products denies liability

7   and denies that Plaintiffs, or any putative class members, are entitled to the type and amount of

8   relief requested.

9       Based on Plaintiffs' Complaint, it is apparent that the Complaint seek damages in excess

10  of $5,000,000 on behalf of themselves and the putative class.  Plaintiffs seek damages related to

11  every sale of the Product occurring between April 20, 2014 and the present.  (Compl. ¶ 97.)  Sales

12  revenues in this time period exceed $5,000,000.00 (Riley Decl. ¶ 4), indicating that retail sales

13  well exceed the jurisdictional threshold (*Id.* ¶ 4).

14      8.    ***Number of Proposed Class Members.***  Plaintiffs seek certification of a nationwide

15  class of all persons who purchased the Product between April 20, 2014 and the present, and a

16  subclass of all California consumers from that same time period.  (Compl. ¶ 97.)  Although

17  Plaintiffs' allegations are silent as to how many individuals may fall within the putative class, it is

18  clear that Plaintiffs' proposed class includes over 100 people.  (*See* Riley Decl. ¶ 4 (discussing

19  sales volume)).  Thus, the action satisfies the numerosity requirement of 28 U.S.C. §

20  1332(d)(5)(B).

21      9.    ***Timeliness.***  The removal notice is filed as required by 28 U.S.C. § 1446(b).  Dude

22  Products was served with a copy of the Complaint on July 2, 2018, and timely files this Notice or

23  Removal within thirty days of service.  *Madren v. Belden, Inc.*, 2012 WL 2572040, *20 (N.D.

24  Cal. July 2, 2012); *see also Quality Loan Serv. Corp. v. 24702 Pallas Way, Mission Viejo, CA

25  92691*, 635 F.3d 1128, 1133 (9th Cir. 2011).

26      10.   ***Exceptions Do Not Apply.***  The exceptions to removal under 28 U.S.C. §§ 1332(d)

27  and 1453 do not apply.

28

1

**THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED**

2     11.     The Superior Court of the State of California, County of San Francisco, is located

3 in the Northern District of California.  This Notice of Removal is therefore properly filed in this

4 Court pursuant to 28 U.S.C. §1441(a).

5     12.     Dude Products has complied with 28 U.S.C. § 1446(a) and (d).  Pursuant to 28

6 U.S.C. §1446(a), a true and correct copy of all process, pleadings , or orders on file in the state

7 court or served on Dude Products is attached hereto as Exhibit A.  Counsel for Dude Products

8 certifies that it will file a copy of this Notice of Removal with the Clerk of the Superior Court of

9 the State of California, County of San Francisco, and will serve notice of same on counsel for

10 Plaintiff in accordance with 28 U.S.C. § 1446(d).

11     **WHEREFORE,** for the reasons stated herein, Dude Products prays that this action be

12 removed to this Court; that all further proceedings in the state court be stayed; and that Dude

13 Products obtain all additional relief to which it is entitled.

14

15 Dated: July 27, 2018                          **BARNES & THORNBURG LLP**

16

17                                              By: _____

18                                              Kevin D. Rising
                                                Kristen L. Richer
19                                              *Attorneys for Defendant*
                                                DUDE PRODUCTS, INC.

20

21

22

23

24

25

26

27

28